UNITED STATES of America,
Plaintiff–Appellee,

v.

Stephen BURRELL, Defendant–
Appellant.

No. 00–10469.

D.C. No. CR–99–00189–KJD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2001.

Decided Dec. 5, 2001.

Before BEEZER, TROTT, and
TALLMAN, Circuit Judges.

MEMORANDUM *

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9TH CIR. R. 36–3.

Stephen Burrell appeals his jury trial conviction and sentence as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Burrell contends that the district court erred by refusing to appoint new counsel after he developed an irreconcilable conflict with his court-appointed attorney, by denying his motion for a new trial after his trial counsel was ineffective, and by denying him effective assistance of counsel because his attorney made several errors before and during trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### A. Substitution of Counsel

■ The district court's denial of a motion for substitution of counsel is reviewed for abuse of discretion. *United States v. Corona–Garcia,* 210 F.3d 973, 976 (9th Cir. 2000). We focus on three considerations when evaluating whether a defendant was wrongly denied the opportunity to substitute counsel: 1) whether the district court's inquiry on the matter was adequate; 2) the extent of the conflict between the defendant and counsel; and 3) the timeliness of the motion weighed against any inconvenience or delay that would result from granting the motion. *Id.*

■ As a preliminary matter the Government asserts that this claim cannot be heard on direct appeal because it constitutes a claim for ineffective assistance of counsel, a collateral matter properly addressed by 28 U.S.C. § 2255. While this argument is applicable to Burrell's other claims in this case, it does not apply to a motion for substitution of counsel, which is properly raised on direct appeal.

■ Applying the factors set forth in *Corona–Garcia,* the district court did not abuse its discretion in denying the motion for substitution of counsel. The district court thoroughly examined each of Bur-

rell's requests for substitution of counsel in three different hearings.

The first hearing addressed two letters Burrell wrote while in pretrial custody. Although the hearing focused largely on Burrell's Speedy Trial Act rights, the district judge also heard testimony from Green as to the efforts he was making to prepare for Burrell's defense. Green indicated that he or his investigator had met with or contacted Burrell on at least seven occasions since he had been assigned to the case on August 31, 1999. Green promised that he would not seek any additional continuances in the case. The district judge then asked, "Mr. Burrell, is that what you wanted?" and Burrell answered, "Yes." Assuming that Burrell's letters constituted a motion for substitution of counsel, the district court promptly addressed the request and resolved the alleged conflict between the defendant and his counsel.

The second hearing took place on December 20, 1999, and addressed the Emergency Motion to Withdraw filed by Green on December 10, 1999. Again, the record reveals that the district judge examined Burrell's claims thoroughly and determined that the extent of the conflict did not warrant appointment of new counsel. The district judge also weighed the inconvenience and delay that would result in light of the impending trial date (January 4, 2000), the fact that Burrell's Speedy Trial Act rights would be implicated if trial was not conducted by February 16, 2000, and the fact that Burrell was already on his third attorney (albeit due to a conflict which he did not cause). The district court did not abuse its discretion in denying the motion.

Finally, the district court conducted a third hearing in response to Burrell's Motion to Proceed In Forma Pauperis. Again, assuming that this motion may be

construed as a request for new counsel, the district court did not abuse°its discretion when viewed in light of the totality of the circumstances surrounding the request. *See Corona–Garcia,* 210 F.3d at 977 (totality of circumstances did not support finding that district court abused its discretion by rejecting request for substitution of counsel).

### B. Ineffective assistance of Counsel

■ Whether a defendant received ineffective assistance of counsel is a question reviewed de novo. *United States v. Mack,* 164 F.3d 467, 471 (9th Cir.1999). "Ineffective assistance claims, however, are ordinarily left for collateral habeas proceedings due to the lack of a sufficient evidentiary record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Sager,* 227 F.3d 1138, 1149 (9th Cir.2000) (internal quotations omitted).

■ Review on direct appeal is appropriate where the record is sufficiently developed to permit the appellate court to resolve the issue, or where assistance of counsel is so inadequate that it interferes with the defendant's Sixth Amendment right to counsel. *See United States v. Molina,* 934 F.2d 1440, 1446 (9th Cir.1991); *United States v. Rewald,* 889 F.2d 836, 859 (9th Cir.1989).

■ Neither exception is applicable to this case. The record suggests that some of Burrell's actions were strategic or calculated to inject error into the proceedings. One example of this strategic action is Burrell's emphatic refusal to stipulate to his status as a felon despite his attorney's advice to the contrary and strong warnings by the district court. In light of this and other irregularities, a more detailed record is needed before we can properly evaluate Burrell's claims of ineffective assistance of counsel.

We decline to address all of Burrell's arguments involving ineffective assistance of counsel at this time, including the district court's denial of his motion for a new trial, without prejudicing his ability to bring these claims in a subsequent habeas petition.

AFFIRMED.